Bailey, Special J.,
delivered the opinion of the court.
The complainant filed the bill in tbis case to bave an alleged mistalce made in a settlement with the defendant, as agent for one Brewer, corrected.
It appears that complainant and Brewer were partners in the business of tanning hides into leather, and the business not proving profitable, and tbe partners disagreeing, Brewer filed a bill in. tbe chancery court at Woodbury, against Neely, for a settlement and dissolution of the partnership. Thereupon complainant and Dunn, the present *545 defendant, who was acting as agent for Brewer, got together and agreed upon a dissolution; and a division of the partnership assets was made by Neely executing his note to Brewer for the sum of $363.22, and agreeing to pay all the partnership debts. On the other hand, Brewer relinquished and assigned to Neely all the partnership assets of every kind, including the sums due-to the partnership. It does not appear that an inventory was then made of the assets or liabilities, or that the state of accounts between the individual partners and the firm was ascertained.
It is stated in the answer that the parties made a lumping trade, and it seems from the bill itself that the accounts of the partners were not examined.
The complainant alleges that he had put into the business 'the sum of five hundred and fifty dollars, which was used in paying a debt of the firm, and that in the settlement he was not credited thereby; that the failure to credit him was a mistake or inadvertence, and was not discovered until after suit and judgment on the note. If the parties had settled their business by an adjustment of the accounts of the partnership, and also of thé partners themselves, and had agreed upon a valuation of the assets, -and made an estimate of the debts, or in other words, had endeavored to ascertain the true balance between them, and in doing this, by mistake or inadvertence, failed to give complainant credit for the money that he brought into the business, he could certainly have had the mistake corrected in this, court. But it does not appear that such attempt was made —no evidence to that effect is offered. The state of the accounts is not shown, the value of the assets and the amount of the debts of the firm are not known, or at all events, are not disclosed in this record.
And again, by the terms of the contract, the eomplainatxt has assumed to pay all the debts of the firm, and the dividend he now seeks to have paid is one of the debts, and *546 it is not proven that there was a mutual mistake as tó the matter complained of, nor indeed, except by the statement of complainant himself, that complainant overlooked the matter.
Under all the circumstances, we are satisfied with the decree made by the chancellor, dismissing the bill, and affirm it.